Daniel Sadeh, Esq.
**HALPER SADEH LLP**
667 Madison Avenue, 5th Floor
New York, NY 10065
Telephone: (212) 763-0060
Facsimile: (646) 776-2600
Email: sadeh@halpersadeh.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN GATES,<br><br>   Plaintiff,<br><br>   v.<br><br>SLR INVESTMENT CORP., MICHAEL GROSS, BRUCE SPOHLER, STEVEN HOCHBERG, DAVID WACHTER, and LEONARD POTTER,<br><br>   Defendants. | Case No:<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Plaintiff Steven Gates ("Plaintiff"), by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys.

### NATURE OF THE ACTION

1.   This is an action against SLR Investment Corp. ("SLRC" or the "Company") and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and Rule 14a-9 promulgated thereunder by the SEC, 17 C.F.R. § 240.14a-9, in

1

connection with the proposed merger (the "Proposed Transaction") of SLRC and SLR Senior Investment Corp. ("SUNS").

2. On December 16, 2021, Defendants caused to be filed with the SEC a Form N-14 Registration Statement (the "Registration Statement") under the Securities Act of 1933 in connection with the Proposed Transaction.

3. The Registration Statement, which recommends that SLRC shareholders vote in favor of, among other things, the issuance of SLRC common stock in connection with the Proposed Transaction (the "Stock Issuance"), omits and/or misrepresents material information concerning the financial analyses performed by SLRC's Special Committee's financial advisor, Keefe, Bruyette & Woods, Inc. ("KBW"), in connection with its fairness opinion.

4. These material misrepresentations and omissions prevent the Company's shareholders from making a fully informed voting decision on the Proposed Transaction and Stock Issuance proposal. Accordingly, the Company's shareholders will be irreparably harmed if these material misrepresentations and omissions are not remedied before the anticipated shareholder vote on the Stock Issuance.

## JURISDICTION AND VENUE

5. The claims asserted herein arise under and pursuant to Sections 14(a) and 20(a) of the Exchange Act (15 U.S.C. §§ 78n(a) and 78t(a)) and Rule 14a-9 promulgated thereunder by the SEC (17 C.F.R. § 240.14a-9).

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as a substantial portion of the transactions and wrongs

complained of herein had an effect in this District, the alleged misstatements entered and the subsequent damages occurred in this District, and the Company conducts business in New York City.

8.  In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

9.  Plaintiff is, and has been at all relevant times hereto, an owner of SLRC common stock.

10. Defendant SLRC is a business development company specializing in secured debt (first lien unitranche and second lien), subordinated (unsecured) debt, minority equity, leveraged buyouts, acquisitions, recapitalizations, general refinancing, growth capital and strategic income-oriented control equity investments in leveraged middle market companies. The Company is incorporated in Maryland. The Company's common stock trades on the NASDAQ under the ticker symbol, "SLRC."

11. Defendant Michael Gross ("Gross") is Co-Chief Executive Officer, President, and Chairman of the Board of the Company.

12. Defendant Bruce Spohler ("Spohler") is Co-Chief Executive Officer, Chief Operating Officer, and a director of the Company.

13. Defendant Steven Hochberg ("Hochberg") is a director of the Company.

14. Defendant David Wachter ("Wachter") is a director of the Company.

15. Defendant Leonard Potter ("Potter") is a director of the Company.

16. Defendants Gross, Spohler, Hochberg, Wachter, and Potter are collectively referred to herein as the "Individual Defendants."

17. Defendants SLRC and the Individual Defendants are collectively referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A. The Proposed Transaction

18. On December 1, 2021, SLRC and SUNS announced that they had entered into an agreement to merge together, with SLRC as the surviving company. The press release announcing the Proposed Transaction states, in pertinent part:

> **SLR Investment Corp. and SLR Senior Investment Corp. Announce Entry into Merger Agreement**
>
> December 01, 2021 16:02 ET | Source: SLR Senior Investment Corp.
>
> NEW YORK, Dec. 01, 2021 (GLOBE NEWSWIRE) -- SLR Investment Corp. (NASDAQ: SLRC) ("SLRC") and SLR Senior Investment Corp. (NASDAQ: SUNS) ("SUNS") today announced that they have entered into an agreement to merge together, with SLRC as the surviving company, subject to stockholder approval and customary closing conditions. The Boards of Directors of both SLRC and SUNS, on the recommendation of their special committees consisting only of the independent directors, have unanimously approved the transaction.
>
> Under the terms of the proposed merger, SUNS shareholders will receive an amount of SLRC shares with a net asset value ("NAV") equal to the NAV of SUNS shares that they hold at the time of closing. The exchange ratio will be determined within forty-eight hours prior to the closing such that shares issued by SLRC to SUNS shareholders will result in an ownership split of the combined company based on the respective NAVs of each of SLRC and SUNS. For illustrative purposes, based on NAVs as of September 30, 2021 and including expected transaction costs and distributions, SLRC would issue approximately 0.7763 shares for each SUNS share outstanding, resulting in approximate pro forma ownership of 77.2% for current SLRC stockholders and 22.8% for current SUNS stockholders.
>
> SLR Capital Partners, LLC ("SLR Capital Partners" or "we," "us," or "our") will continue to serve as the investment adviser of the combined company and all current SLRC officers and directors will remain in their current positions. Effective

upon closing of the merger, SLR Capital Partners has voluntarily agreed to a 25 basis points reduction of the base management fee, resulting in a base management fee of 1.50% on gross assets up to 200% of SLRC's total net assets as of the immediately preceding quarter end. SLRC will retain the contractual annual base management fee payable by SLRC of 1.00% on gross assets that exceed 200% of SLRC's total net assets as of the immediately preceding quarter end.

The combined company will trade under the ticker symbol "SLRC" on the Nasdaq Global Select Market and currently expects to continue to pay a quarterly distribution of $0.41 per share to the combined company's shareholders. However, there can be no assurance that the combined company will pay quarterly distributions at this amount or in any amount, and all future distributions will be subject to the approval of the combined company's board of directors.

*   *   *

The transaction, which is intended to be treated as a tax-free reorganization, is subject to various approvals by SLRC and SUNS stockholders and other customary closing conditions. Assuming these conditions are satisfied, the transaction is expected to close in the first half of 2022.

Keefe, Bruyette & Woods, *A Stifel Company*, serves as financial advisor and Blank Rome LLP serves as the legal counsel to the special committee of SLRC. Houlihan Lokey Capital, Inc. serves as financial advisor and Dechert LLP serves as the legal counsel to the special committee of SUNS. Katten Muchin Rosenman LLP serves as the legal counsel to SLRC, SUNS and SLR Capital Partners.

*   *   *

**About SLR Investment Corp.**

SLR Investment Corp. is a closed-end investment company that has elected to be regulated as a business development company under the Investment Company Act of 1940. A specialty finance company with expertise in several niche markets, SLRC primarily invests directly and indirectly in leveraged, U. S. middle market companies in the form of cash flow senior secured loans including first lien and second lien debt instruments and asset-based loans including senior secured loans collateralized on a first lien basis primarily by current assets. For more information, please visit: www.slrinvestmentcorp.com

**About SLR Senior Investment Corp.**

SLR Senior Investment Corp. is a closed-end investment company that has elected to be regulated as a business development company under the Investment Company Act of 1940. A specialty finance company with expertise in several niche markets, SUNS primarily invests directly and indirectly in leveraged, U.S. middle market

companies primarily in the form of cash flow first lien senior secured debt instruments and asset-based loans including senior secured loans collateralized on a first lien basis primarily by current assets. For more information, please visit: www.slrseniorinvestmentcorp.com

**About SLR Capital Partners, LLC**

SLR Capital Partners is an SEC-registered investment adviser that primarily invests in leveraged, U.S. middle market companies in the form of cash flow and asset-based senior secured investments. Currently, SLR Capital Partners manages public and private business development companies, private credit funds and separately managed accounts, including serving as the investment adviser to SLRC and SUNS.

Since its formation in 2006, SLR Capital Partners and its affiliates have invested over $14 billion in approximately 1,400 different portfolio companies with approximately 250 private equity sponsors. SLR Capital Partners was founded by Michael Gross and Bruce Spohler, who each have over 30 years of investment experience through multiple credit cycles. For more information, please visit: https://www.slrcapitalpartners.com/

**B. The Registration Statement Contains Materially False and Misleading Statements and Omissions**

19. The Registration Statement omits and/or misrepresents material information concerning the financial analyses performed by KBW in connection with its fairness opinion.

20. The omission of the material information (referenced below) renders the following sections of the Registration Statement false and misleading, among others: (i) Reasons for the Mergers; (ii) SLRC Board Recommendation; and (iii) Opinion of the Financial Advisor to the SLRC Special Committee.

21. Unless and until the material misstatements and omissions (referenced below) are remedied before the anticipated shareholder vote on the Stock Issuance, the Company's shareholders will be forced to make a voting decision on the Stock Issuance without full disclosure of all material information. In the event Defendants fail to disclose the following information before the shareholder vote, Plaintiff may seek damages resulting from Defendants' misconduct.

6

### 1. Material Omissions Concerning KBW's Analyses

22. In connection with the Proposed Transaction, the Registration Statement omits material information concerning analyses performed by KBW.

23. With respect to KBW's "*Selected Companies Analysis*" and "*Selected Transactions Analysis*," the Registration Statement fails to disclose: (1) the individual multiples and financial metrics of each company and transaction KBW observed in its analyses; and (2) the individual premiums paid in each transaction.

24. The Registration Statement fails to disclose the following concerning KBW's "*Dividend Discount Analysis of SUNS*": (1) the dividend and net asset projections of SUNS; (2) the individual inputs and assumptions underlying the (i) discount rates ranging from 8.0% to 12.0%, (ii) terminal multiple range of 0.90x to 1.10x, and (iii) terminal dividend yield range of 6.0% to 10.0%; and (3) the terminal values of SUNS.

25. The Registration Statement fails to disclose the following concerning KBW's "*Dividend Discount Analysis of SLRC*": (1) the dividend and net asset projections of SLRC; (2) the individual inputs and assumptions underlying the (i) discount rates ranging from 8.0% to 12.0%, (ii) terminal multiple range of 0.90x to 1.10x, and (iii) terminal dividend yield range of 7.0% to 11.0%; and (3) the terminal values of SLRC.

26. The Registration Statement fails to disclose the following concerning KBW's "*Potential Net Investment Income Per Share Accretion*": (1) the pro forma assumptions (including, without limitation, the cost savings and related expenses expected to result from the Proposed Transaction); and (2) the potential financial impact of the Proposed Transaction on the projected financial results of SLRC, including the extent to which the Proposed Transaction could be accretive to SLRC's estimated net investment income per share in calendar years 2022, 2023, 2024 and 2025.

27. The Registration Statement provides that, in connection with its opinion, KBW considered the following:

> KBW's consideration of financial information and other factors that it deemed appropriate under the circumstances or relevant to its analyses included, among others, the following:
>
> \* \* \*
>
> - certain publicly available consensus "street estimates" of SLRC and SUNS for 2022, all of which information was discussed with KBW by SCP's management and used and relied upon by KBW based on such discussions, at the direction of SLRC and with the consent of the SLRC Special Committee; and
>
> - estimates regarding certain pro forma financial effects of the Mergers on SLRC (including, without limitation, the cost savings and related expenses expected to result or be derived from the Mergers) that were prepared by SCP's management, provided to and discussed with KBW by such management, and used and relied upon by KBW based on such discussions, at the direction of SLRC and with the consent of the SLRC Special Committee.

28. The Registration Statement, however, fails to disclose the "street estimates" of SLRC and SUNS for 2022, and estimates regarding the pro forma financial effects of the Proposed Transaction on SLRC (including, without limitation, the cost savings and related expenses expected to result or be derived from the Proposed Transaction).

29. The valuation methods, underlying assumptions, and key inputs used by KBW in rendering its purported fairness opinion must be fairly disclosed to SLRC shareholders. The description of KBW's fairness opinion and analyses, however, fails to include key inputs and assumptions underlying those analyses.

30. Without the information described above, SLRC shareholders are unable to fully understand KBW's fairness opinion and analyses, and are thus unable to determine how much weight, if any, to place on them in determining whether to vote for or against the Proposed

Transaction and Stock Issuance. This omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

## COUNT I
### For Violations of Section 14(a) and Rule 14a-9 Promulgated Thereunder
### Against All Defendants

31. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

32. During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Registration Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC.

33. Each of the Individual Defendants, by virtue of his/her positions within the Company as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a) of the Exchange Act. Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Registration Statement with respect to the Proposed Transaction and/or Stock Issuance. The Defendants were, at minimum, negligent in filing the materially false and misleading Registration Statement.

34. The false and misleading statements and omissions in the Registration Statement are material in that a reasonable shareholder would consider them important in deciding how to vote on the Proposed Transaction and Stock Issuance.

35. By reason of the foregoing, Defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

36. Because of the false and misleading statements and omissions in the Registration

Statement, Plaintiff is threatened with irreparable harm.

## COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

37. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. The Individual Defendants acted as control persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their senior positions as officers and/or directors of the Company and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the false and misleading Registration Statement.

39. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Registration Statement, and to correct promptly any public statements issued by the Company which were or had become materially false or misleading.

40. In particular, each of the Individual Defendants had direct and supervisory involvement in the operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Individual Defendants were provided with or had unlimited

access to copies of the Registration Statement and had the ability to prevent the issuance of the statements or to cause the statements to be corrected. The Registration Statement at issue contains the recommendation of the Individual Defendants to approve the Proposed Transaction and/or Stock Issuance. Thus, the Individual Defendants were directly involved in the making of the Registration Statement.

41. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Proposed Transaction and/or Stock Issuance. The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions which had input from the Individual Defendants.

42. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, the Company's shareholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and

any vote on the Proposed Transaction and Stock Issuance, unless and until Defendants disclose and disseminate the material information identified above to Company shareholders;

B.      In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Declaring that Defendants violated Sections 14(a) and 20(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder;

D.      Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

E.      Granting such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: January 17, 2022                            Respectfully submitted,

**HALPER SADEH LLP**

By: /s/ Daniel Sadeh
Daniel Sadeh, Esq.
Zachary Halper, Esq. (to be admitted *pro hac vice*)
667 Madison Avenue, 5th Floor
New York, NY 10065
Telephone: (212) 763-0060
Facsimile: (646) 776-2600
Email: sadeh@halpersadeh.com
          zhalper@halpersadeh.com

*Counsel for Plaintiff*